BLANK ROME LLP
Jonathan A. Loeb (SNB 162758)
JLoeb@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendant
Harry Winston, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTIKAL NOIZE, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AAB PRODUCTIONS, INC., a New York corporation; THE FOUNDATION FOR AIDS RESEARCH, a New York not-for-profit corporation d/b/a amFAR; HARRY WINSTON, INC., a New York corporation; and DOES 1-100, INCLUSIVE,<br><br>　　　　　　Defendants | Case No.   8:16-cv-1599<br><br>(Removed From Superior Court of California, County of Los Angeles, Case No. BC629095)<br><br>**NOTICE OF REMOVAL BY HARRY WINSTON, INC. PURSUANT TO 28 U.S.C. SECTIONS 1441 AND 1446**<br><br>[FILED CONCURRENTLY WITH:<br>(1) CIVIL COVER SHEET;<br>(2) L.R. 71.1-1 CERTIFICATION;<br>(3) FRCP 7.1 DISCLOSURE STATEMENT; AND<br>(4) DEMAND FOR JURY TRIAL |

123176.00602/103347279v.1

**NOTICE OF REMOVAL**

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, defendant HARRY WINSTON INC. ("HWI") removes the above-captioned matter from the Superior Court of the State of California in and for the County of Los Angeles to the United States District Court for the Central District of California, which is the judicial district in which the action is pending. The grounds for removal are as follows:

### I.    This Notice of Removal is Timely Filed

1.    On or about August 1, 2016, plaintiff OPTIKAL NOIZE, INC. ("Plaintiff") commenced this action by filing a complaint ("Complaint") in the Superior Court of the State of California in and for the County of Los Angeles (the "State Court Action") which alleges the following causes of action: (i) breach of express oral and written contract; (ii) breach of express oral contract; (iii) breach of implied-in-fact contract; (iv) intentional interference with prospective economic relations; (v) negligent interference with prospective economic relations; (vi) misappropriation of trade secrets (Cal. Civ. Code § 3426 *et. seq.*); (v) breach of fiduciary duty; (vi) restitution/unjust enrichment; and (vii) promissory estoppel. The State Court Action is captioned *Optikal Noize, Inc. v. AAB Production, Inc., a New York Corporation; The Foundation for Aids Research, a New York non-for-profit corporation dba amfAR; Harry Winston, Inc., a New York Corporation, and DOES 1-100, Inclusive*, Case No. BC629095.

2.    Plaintiff filed the Summons and Complaint on August 1, 2016. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

3.    Plaintiff attempted service on HWI on August 2, 2016 and a Copy of the Summons and a portion of the Complaint was received by HWI on August 3, 2016.

4.    Plaintiff seeks monetary damages against HWI "believed to exceed 5.3 million dollars." *See* Complaint ¶¶ 78, 91.

5. Pursuant to 28 U.S.C. § 1446(b), HWI has thirty days to remove "after receipt…through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." *See* 28 U.S.C. § 1446(b).

6. HWI was not been served with a complete copy of the Complaint; but this Notice of Removal in any event was filed within thirty (30) day of HWI's receipt of the Summons and partial Complaint. See 28 U.S.C. § 1446(b).

## II. Diversity

7. 28 U.S.C. § 1441, which establishes when an action is removable, sets forth in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. This Court's subject matter jurisdiction, and HWI's removal basis, is founded on diversity of citizenship under 28 U.S.C. §§ 1332(a), and 1441(b). Plaintiff is a California citizen because it is a California corporation with its principal place of business in California. Defendants are each New York citizens because they are New York corporations with their principal places of business in New York, such that they are all citizens of different states within the meaning of 28 U.S.C. §§ 1332(a)(1) and 1441(b) the amount in controversy exceeds $75,000 exclusive of interest and costs.

9. Counsel for all defendants have met and conferred and agreed to join or not contest removal.

10. The requirements of 28 U.S.C. § 1441 have been met and this Court is thereby vested with subject matter jurisdiction over this action.

## III. All Other Removal Requirements Have Been Met

11. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on or received by HWI in the State Court Action must be attached

to the Notice of Removal. All documents received by HWI are attached to this Notice as **Exhibit A**.

12. In compliance with 28 U.S.C. § 1446(d), a copy of the Notice of Removal of Action to the United States District Court for the Central District that will be filed with the Superior Court of California in and for the County of Los Angeles is attached hereto as **Exhibit B**.

13. Intra-District Assignment. This Notice of Removal is properly filed in the Central District of California pursuant to 28 U.S.C. §§ 84(c)(2) and 1446(a).

14. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, HWI respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, HWI respectfully removes this action from the Superior Court of the State of California in and for the County of Los Angeles to this Honorable Court pursuant to 28 U.S.C. §§ 1441 and 1446.

DATED: August 30, 2016          BLANK ROME LLP

                                                  By: /s/ Jonathan a. Loeb

                                                  Attorney for Defendant
                                                  HARRY WINSTON, INC.